So Ordered.

Dated: January 29th, 2019



Frederick P. Corbit
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| In re: | Case No. 18-01665-FPC13 |
|---|---|
| LANCE ERIN HUFF,<br><br>Debtor. | **NOT FOR PUBLICATION** |
| LANCE ERIN HUFF,<br><br>Plaintiff,<br><br>vs.<br><br>JILL MARIE WEYANT HUFF,<br><br>Defendant. | Adversary No. 18-80036-FPC<br><br>FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW |

THIS MATTER came before the court pursuant to the complaint filed by Debtor Lance Erin Huff objecting to the claim of Jill Marie Weyant Huff (Claim No. 3).[1] The trial took place on January 17, 2019. At trial, the court heard testimony from Karen Goehri, Cori Caro, Jill Weyant, and Lance Huff. The court has considered the testimony, the exhibits admitted at trial, the arguments of the

---

[1] The Debtor filed an objection to Ms. Weyant's claim and a motion to avoid her lien in main bankruptcy case 18-01665-FPC13. As these Findings of Fact and Conclusions of Law also directly relate to those two filings, a copy will be docketed in 18-01665.

FINDINGS OF FACT AND CONCLUSIONS OF LAW 1

parties, and the applicable legal authority. The court finds and concludes as follows:

## **FINDINGS OF FACT**

1. On June 12, 2018, the Debtor filed a voluntary petition under Chapter 13 in this court (ECF No. 1 in 18-0665).

2. On his schedules, the Debtor valued his residence at $299,000, listed a first position mortgage loan of $187,520, and claimed a homestead exemption of $111,480 under RCW 6.13.010, 6.13.020, and 6.13.030.

3. Ms. Weyant timely filed a proof of claim for $29,600, of which she stated $20,000 was secured by a deed of trust on the Debtor's residence (Claim No. 3 in 18-0665).

4. The Debtor objected to Ms. Weyant's claim, arguing the deed of trust was forged as he never signed it and Ms. Weyant's claim was subject to offset (ECF No. 41 in 18-0665). This objection ultimately became the complaint in adversary proceeding 18-80036 (ECF No. 1).

5. The underlying facts giving rise to the proof of claim are as follows:

    a. The Debtor and Ms. Weyant married in 2003. In 2004, the Debtor executed a quitclaim deed conveying the residence to himself and Ms. Weyant as husband and wife. The deed was recorded. On September 22, 2016, the Debtor and Ms. Weyant signed a decree of dissolution, which was entered in superior court on September 29, 2016.

    b. The decree of dissolution provides that personal property had been divided between the parties and the Debtor was awarded the residence, which he was to refinance to pay Ms. Weyant $20,000 for her interest in the residence.

     c. In the spring of 2017, after unsuccessfully attempting to refinance, the Debtor entered into a purchase and sale agreement for the residence.

     d. On June 7, 2017, the appointed date for closing, the Debtor requested additional time to close so he could put certain arrangements in place. Believing Ms. Weyant had failed to disclose all her assets—specifically her retirement account—in the divorce, the Debtor desired to place the $20,000 in escrow in order to facilitate closing while also protecting his ability to reopen his divorce settlement. The closing did not happen that day.

     e. At 3:34 p.m. on June 7, 2017, Ms. Weyant recorded a deed of trust dated September 27, 2016. This deed of trust was acknowledged by notary Cori Caro.

     f. The sale of the residence did not occur, and the buyers sued the Debtor in superior court for breach of contract. In relevant part, the Debtor made third party claims against Ms. Weyant and Ms. Caro.

6. At the trial in this court, Ms. Weyant called Ms. Goehri and Ms. Caro to testify. Ms. Caro testified that the Debtor presented the deed of trust to her to notarize, showed her his driver's license as identification, and she notarized the deed of trust.

7. Ms. Goehri testified that she personally knows the Debtor, works in the same office as Ms. Caro, and saw the Debtor meet with Ms. Caro at the office the day the deed of trust was notarized.

8. The only evidence the Debtor offered to support his claim the deed of

FINDINGS OF FACT AND CONCLUSIONS OF LAW 3

trust was forged was his own testimony.

9. The testimony of Ms. Goehri and Ms. Caro is credible, and the Debtor has not met his burden of proof to show the deed of trust is a forgery. As such, while the lien did arise from the decree of dissolution, the valid deed of trust also creates a consensual lien on the residence.

10. Ms. Weyant had a recognizable interest in the residence prior to the entry of the decree of dissolution. Her lien was created to equalize a division of community property and is thus an owelty lien in the nature of a vendor's lien.

11. The decree of dissolution awarded the Debtor a fee simple interest in the residence. This interest did not exist prior to the decree.

12. More than one year has passed since the entry of the decree of dissolution, and the Debtor has not moved to reopen the divorce.

13. The Debtor also testified as to his knowledge of both the existence of Ms. Weyant's retirement account and the approximate amount in the retirement account at the time he signed the decree of dissolution.

## **CONCLUSIONS OF LAW**

1. Any Finding of Fact or any portion thereof that is properly a Conclusion of Law shall be deemed a Conclusion of Law.

2. The certificate of notary imports verity, which contains a strong presumption as to its truth, and is not to be overcome absent clear and convincing testimony. *Campbell v. Campbell*, 146 Wash. 478, 483 (1928).

3. As the trier of fact, the bankruptcy court is entitled to evaluate a witness's credibility. *In re Beauchamp*, 236 B.R. 727, 731 (9th Cir. 1999).

4. 11 U.S.C. § 522(f) sets forth three conditions which are prerequisites for avoidance of liens: (1) the lien must fix on an interest of the debtor in property; (2) to the extent that the lien impairs an exemption to which the debtor would have

FINDINGS OF FACT AND CONCLUSIONS OF LAW 4

18-80036-FPC    Doc 25    Filed 01/29/19    Entered 01/29/19 15:22:31    Pg 4 of 6

been entitled; and (3) the lien must be a judicial lien.

5. The third prerequisite is not satisfied here. A "judicial lien" is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). Judicial liens may coexist with other categories of liens in the same property. *In re Stone*, 119 B.R. 222, 227 (Bankr. E.D. Wash. 1990). Here, the lien arose from the decree of dissolution, making it an equitable judicial lien as it required judicial action for its creation. *See id.* at 230. But the Debtor also signed a deed of trust, a consensual lien. Consensual liens cannot be avoided.

6. Additionally, the Debtor's argument fails because "[t]he homestead exemption is not available against an execution or forced sale in satisfaction of judgments obtained: (1) On debts secured by . . . vendor's liens arising out of and against the particular property claimed as a homestead[.]" RCW 6.13.080(1). A lien awarded in a dissolution proceeding to equalize distribution of jointly held or community property is an owelty lien. A judgment for owelty is an equitable lien in the nature of a vendor's lien. *Hartley v. Liberty Park Assocs.*, 54 Wn. App. 434, 438 (1989). If a debtor opts for the state exemptions, he or she takes them subject to the exceptions. *Stone*, 119 B.R. at 232-35. Ms. Weyant's lien is an exception to the Debtor's homestead exemption.

7. Finally, the critical issue in determining whether a debtor may avoid a lien under § 522(f)(1) is whether the debtor "ever possessed the interest to which the lien fixed, before it fixed." *In re Catli*, 999 F.2d 1405, 1408 (9th Cir. 1993). Whether a debtor possessed an interest in the home before the fixing of a lien is a question of state law. *Id.* Under Washington law, each spouse owns an undivided one-half interest in community property. When a marriage is dissolved, a court in a divorce proceeding must dispose of the couples' community and separate property.

FINDINGS OF FACT AND CONCLUSIONS OF LAW 5

In disposing of the property, the divorce court may award one spouse the property outright subject to a lien awarded to the other spouse. *Id.* (citing various Washington cases and statutes).

8. In Washington, CR 60(b)(1) allows a superior court to relieve a party from a final judgment or order if the party shows mistake, inadvertence, surprise, excusable neglect, or irregularity in obtaining the judgment or order. Any motion under CR 60(b)(1) must be made not more than 1 year after the judgment or order was entered.

9. Ms. Weyant's lien is not subject to avoidance under 11 U.S.C. § 522(f)(1) nor is it subject to offset.

///END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW///

FINDINGS OF FACT AND CONCLUSIONS OF LAW 6